IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANNIE LUCKETT, on behalf of herself and all others similarly situated )<br>)<br>) | |
| Plaintiff, ) | Civil Action No.: |
| )<br>vs. ) | **COMPLAINT** |
| )<br>) | **DEMAND FOR JURY TRIAL** |
| MEDICREDIT INC. )<br>) | |
| Defendant. )<br>) | |

Plaintiff Annie Luckett (hereinafter "Plaintiff") on behalf of herself and other similarly situated consumers through undersigned counsel hereby alleges against Defendant Medicredit Inc. (hereinafter "Defendant") as follows:

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") by Defendant.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District 28 U.S.C. § 1391(b) because the acts and transactions occurred here and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Charlotte, North Carolina and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant is a debt collection agency and Missouri business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to

1

be owed or due another in this state and judicial district with its principal place of business located at 3 Cityplace Drive, Suite 690, Saint Louis, Missouri 63141.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. At some point in time, Southeast Pain Care assigned a consumer debt to Defendant for collection ("the alleged debt").

8. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or about October 21, 2014, Defendant sent a collection letter to Plaintiff in an attempt to collect the alleged debt.

10. Exhibit A is a form letter that uses barcoded addresses and return addresses; these barcodes permit Defendant to use bulk-mailing discounted postage rates.

11. Exhibit A is designed so that the debtor's address would be displayed by use of a "window envelope." Exhibit A was in fact sent in such a "window envelope" to Plaintiff.

12. The account number for Plaintiff's alleged debt was visible through the "window" of the envelope used to send the letter to her. The account number (ending in -3307) appears above Plaintiff's first and last name near the return address found in the address box at the top left corner of the payment stub of Exhibit A, and also appears in the top left corner of the letter.

13. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, was disclosed to all who saw the envelope containing the letter mailed to Plaintiff.

2

14. The Plaintiff's file number is not benign, but rather a piece of information which is able to identify the Plaintiff's status as a debtor.

15. Indeed, the disclosure of the Plaintiff's file number raises core consumer privacy concerns.

16. On information and belief, Defendant mails hundreds of thousands of such collection letters annually.

17. As a consequence of the Defendants' action(s) in the year prior to filing of the instant action, Plaintiff and the class seek damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants as impracticable. On information and belief, hundreds of thousands, if not millions, of persons have received debt collection notices/letters/communications from Defendant, which violate various provisions of the FDCPA.

19. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

3

20. The Class is so numerous that joinder of all members is impracticable. On information and belief, hundreds of thousands, if not millions, of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA.

21. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

23. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

25. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(8)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

31. Defendant sent Plaintiff a collection letter on October 21, 2014.

32. Defendant's collection letter was sent through use of a window envelope through which Plaintiff's account number with Defendant was displayed.

33. The display of Plaintiff's account number violates 15 U.S.C. § 1692f(8) which prohibits using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by the use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

## DEMAND FOR JURY TRIAL

34. Plaintiff Annie Luckett hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Annie Luckett demands judgment from the Defendant Medicredit Inc. as follows:

1. For certification of the class pursuant to Rule 23(b)(3);

2. For an award of statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

3. For an award of statutory damages for the class pursuant to 15 U.S.C. § 1692k;

4. For an award of costs of litigation and resonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. For an award of pre-judgment interest on all sums awarded and/or collected;

6. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully submitted, this the 15th day of October, 2015.

                                          _s/ Chad Diamond_____
                                          Chad Diamond
                                          N.C. Bar No. 40842
                                          6418 Farmingdale Dr.
                                          Charlotte, NC 28212
                                          (919) 607-9967 (p)
                                          chad.diamond@gmail.com
                                          *Attorney for Plaintiff Annie Luckett*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2015, the foregoing was filed electronically with the Clerk of the Court via ECF and to be served upon Defendant via personal service at the below address:

>Medicredit Inc.
>3 Cityplace Drive, Suite 690
>Saint Louis, MO 63141

>s/Chad Diamond
>Chad Diamond

7

Case 3:15-cv-00488-RJC-DSC   Document 1   Filed 10/15/15   Page 7 of 7